## B. D. Buford & Co. v. Baum & Baum.

Action brought in the district court of Barton county, by
*B. D. Buford & Co.*, a corporation organized under the laws
of Illinois, against Moses Baum and another, partners as
*Baum & Baum,* to recover the possession of a certain stock
of hardware and agricultural implements, or in default of
such recovery, to obtain a judgment against defendants for
$1,913.20, with interest and costs. The plaintiff based its
action upon a certain chattel mortgage, a copy of which is as
follows, to wit:

"*Know all men by these presents,* That we, Baum & Baum,
a copartnership composed of Moses Baum, of Hebron, Ne-
braska, and Moses Baum, of Great Bend, Kansas, are in-
debted to B. D. Buford & Co., of Rock Island, Illinois, for
goods sold and delivered by said B. D. Buford & Co. to
Baum & Baum in the sum of $1,913.21, to be paid by said
Baum & Baum to said Buford & Co. on the first day of
November, 1879, and if not paid on that date, to bear ten
per cent. interest thereafter. Now to secure the payment of
said money above mentioned, at the time mentioned, the said
Baum & Baum hereby sell, transfer and convey to the said
B. D. Buford & Co. the following personal property, to wit:
[Here follows a description of the property mortgaged.]
Now this sale is intended to be a mortgage, and to be void
if said debt is paid on the first day of November, 1879; but
if the debt be not then paid, to be in full force and effect in
law. The mortgagors to continue in possession of the mort-
gaged property until the mortgage becomes due, or until the
mortgagees deem themselves insecure.

Signed this 2d day of July, 1879. Baum & Baum."

The defendants answered, first, by a general denial; and
second, that—

"The chattel mortgage upon which suit has been brought,
was obtained by fraud of the plaintiffs, and is wholly null
and void; that by reason of the fraudulent representations of
the plaintiffs, by and through their agents, the defendants
have been damaged in the full sum of two thousand dollars
to their said business in Great Bend. Wherefore, defendants

demand judgment against the plaintiffs in the sum of two thousand dollars and costs of suit."

The plaintiff replied by a general denial of each and every material allegation of the answer. Trial at the March Term, 1882, of the district court, when the jury returned a verdict as follows:

"We, the jury, impaneled and sworn in the above-entitled case, do upon our oaths find for the defendants, and assess their damages at $1,867, after deducting the amount of plaintiff's mortgage."

New trial denied, and judgment accordingly for the defendants. The plaintiff corporation brings the case to this court.

*Rossington, Johnston & Smith,* and *Maher & Osmond,* for plaintiff in error.

*Per Curiam:* The judgment in this case is reversed, and the case remanded for a new trial, on the authority of *Werner v. Bergman,* 28 Kas. 60. Other errors are apparent in the record, but the correction of the fundamental error above referred to will doubtless avoid a recurrence of such errors, and therefore any special notice of them is unnecessary.